DOWD
SCHEFFEL
PLLC

1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
https://www.dowdscheffel.com

***Via ECF***

**May 1, 2023**

Peter R. Marksteiner
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: *In re Centripetal Networks, LLC*,
No. 23-127 (Fed. Cir.)

Dear Mr. Marksteiner:

Pursuant to Federal Rule of Appellate Procedure 28(j), we write on behalf of Petitioner Centripetal Networks, LLC to bring to the Court's attention a recent representation of the United States Patent and Trademark Office ("PTO") to a coordinate branch of government, specifically the congressional testimony of the Under Secretary of Commerce for Intellectual Property and Director of the PTO.

On April 27, 2023, Director Vidal testified before the House Judiciary Subcommittee on Courts, Intellectual Property, and the Internet. A full recording is available online.[1]

During the hearing, Director Vidal was asked by Representative Hank Johnson about the Director review process under *Arthrex* and what steps have been taken to ensure that Director review is not overly influenced by political concerns and *ex parte* contacts. As part of her response, Director Vidal stated: "When I perform that role [*i.e.*, Director review], I hold myself to the same standard of any Article III judge."[2]

The Director's representation to a coordinate branch is wholly inconsistent with the PTO's position here that the ethical considerations at play in proceedings before APJs are "just different" from the standards for Article III courts. Moreover, the Director's

[1] https://judiciary.house.gov/committee-activity/hearings/oversight-us-patent-and-trademark-office.
[2] The complete question-and-answer exchange is at 45:28–47:29.

representation that she applies the "same standard of any Article III judge" for Director review is consistent with Centripetal's position, as set forth in its petition for mandamus and its reply, and inconsistent with the PTO's position in rejecting any basis for recusal here. *See* ECF Nos. 2, 24. The PTO should not be assuaging Congress's concerns about politics and "*ex parte* contacts," while telling patent holders something quite different.

The Director's testimony also highlights another incongruity in this case. If the Director holds herself to an Article III recusal standard, that is all the more reason APJs should as well. After all, for statutory purposes, they are all Board members. 35 U.S.C. § 6(a). Plus, APJs stand in the Director's shoes for purposes of IPR institution. *See id.* § 314(a). The same standard should uniformly apply to the PTAB.

The aforementioned is further reason to grant the mandamus petition.

Respectfully submitted,

Matthew J. Dowd

*Counsel for Petitioner*

cc: All Counsel (by CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 349 words.

Date: May 1, 2023

By: */s/ Matthew J. Dowd*
Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW